**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANDREW L. MEEKS,

    Plaintiff

v.

THE STATE OF NEVADA, et. al.

    Defendants

Case No.: 3:18-cv-00431-MMD-WGC

**Order**

Re: ECF No. 33

    Before the court is Plaintiff's Motion for a Stay Pending Discovery Pursuant to Rule 56(d). (ECF No. 33.)

    On April 15, 2020, Defendants filed their motion for summary judgment, arguing that Plaintiff's claims fail on the merits, and that he failed to exhaust his administrative remedies. (ECF No. 26.)

    Plaintiff filed this motion, stating that he needs some additional items of discovery in order to respond to the motion for summary judgment. He asks for an additional 30 days for Defendants to respond to Plaintiff's additional requests for discovery; and then 15 days for Plaintiff to file any necessary motions to compel; and finally, 15 days after that to file his response to the motion for summary judgment. He includes an affidavit stating that he served discovery on defense counsel on December 24, 2019, and they sent responses on the last day to a party could move for an order continuing the discovery deadline under the court's scheduling order. This precluded him from submitting any follow up discovery. In addition, he had to submit a kite to review some of the discovery responses, and was not able to do so until

February 10, 2020. Shortly thereafter, the prison went on emergency lockdown due to the COVID-19 pandemic. When the lockdown started, he was in the middle of drafting a motion to compel, with the help of an inmate law clerk, but the lockdown precluded his access to the law clerk and to the law library. Thus, he could not timely file a motion to compel by the March 28, 2020 deadline. Plaintiff also contends that he was moved away from some of the inmate witnesses, who are at NNCC, and he cannot contact them. He provides as exhibits the discovery originally sought, and the additional discovery he requests to respond to the motion.

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Rule 56(d) provides a 'device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)). "A party seeking additional discovery under Rule 56(d) must 'explain what further discovery would reveal that is essential to justify [its] opposition to the motion[ ] for summary judgment.'" *Id*. (quoting *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980) (alterations original, quotations omitted).

The court interprets Plaintiff's motion as one under 56(d), and finds that Plaintiff has adequately set forth that he has not had sufficient time to develop the evidence needed to respond to the motion for summary judgment. Therefore, Plaintiff's motion (ECF No. 33) is **GRANTED** insofar as the court will defer considering the motion for summary judgment and will allow

Plaintiff time to take discovery and obtain additional affidavits and declarations to support his response to the motion for summary judgment under Rule 56(d).

Plaintiff's additional discovery (set forth at ECF No. 33 at 21-30) is deemed served on Defendants. Defendants have until **June 1, 2020**, to provide responses to the discovery. Plaintiff shall promptly review the discovery responses and if he takes issue with the responses, he shall communicate the issues to defense counsel and defense counsel shall coordinate a telephonic meet and confer conference where the parties are ordered to confer in good faith in an attempt to resolve the issues.

Defendants shall also schedule a telephonic meet and confer conference with Plaintiff regarding the original discovery served on or before **May 15, 2020**.

Any motion to compel regarding discovery shall be filed by Plaintiff on or before **June 15, 2020**.

Plaintiff's response to the motion for summary judgment must be filed on or before **July 6, 2020**. Defendants reply brief must be filed on or before **July 20, 2020**. Barring unforeseen and exceptional circumstances, the court is not inclined to grant any further extensions on the briefing for the motion for summary judgment.

**IT IS SO ORDERED**.

Dated: April 30, 2020

_____
William G. Cobb
United States Magistrate Judge