UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANDREW L. MEEKS, II,<br><br>        Plaintiff,<br>  v.<br>ISIDRO BACCA, *et al.*,<br><br>        Defendants. | Case No. 3:18-cv-00431-MMD-WGC<br><br>ORDER |

*Pro se* Plaintiff Andrew L. Meeks, II brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 43), recommending the Court grant in part, and deny in part, Defendants' motion for summary judgment (ECF No. 26 ("Motion")). Defendants had until January 4, 2021 to file an objection.[1] To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will grant in part, and deny in part, Defendants' Motion.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory

---

[1] Defendants originally had until November 24, 2020 to file an objection. (ECF No. 43.) However, the Court granted (ECF No. 45) Defendants' motion for an extension of time (ECF No. 44), making their objection due January 4, 2021 (ECF No. 45).

Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. Here, Judge Cobb first recommends Defendants' Motion be denied to the extent they argue Plaintiff failed to exhaust his administrative remedies. (ECF No. 43 at 8-15). Judge Cobb next recommends Defendants' Motion be denied as to Plaintiff retaliation claim against Vest in Count I because material disputes of fact preclude summary judgment. (*Id.* at 15-20.) Judge Cobb similarly recommends that Plaintiff's retaliation claims in Counts II-V be allowed to proceed. (*Id.* at 20-24.) Judge Cobb then recommends Defendants' Motion be denied as to Plaintiff's excessive force claim because a reasonable fact finder could believe Plaintiff's version of events. (*Id.* at 24-30.) However, Judge Cobb recommends Defendants' Motion be granted as to Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim because the undisputed evidence shows he received adequate medical care. (*Id.* at 30-32.) Similarly, because "Plaintiff received adequate notice of the charge against him, and because there was some evidence to support the disciplinary finding, summary judgment should be granted in favor of Henley and Baca on the due process claim." (*Id.* at 32-37.) That said, Judge Cobb also recommends the Court reject Defendants' arguments based on a purported lack of a private right of action, discretionary immunity, or qualified immunity. (*Id.* at 37-42.) Finally, Judge Cobb recommends on one hand that Defendants are entitled to summary judgment on Plaintiff's state law claims analogous to his Eighth and Fourteenth Amendment claims because he recommends summary judgment be granted on those federal claims, but on the other finds that Plaintiff's claims allowed to proceed may also proceed against the Nevada Department of Corrections ("NDOC") and the State of Nevada because he recommends that those claims proceed against individual NDOC employees. The Court agrees with Judge Cobb's thorough analysis. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 43) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 26) is granted in part, and denied in part, as follows. It is granted as to the federal and state deliberate indifference to serious medical needs claims against Vest in Count IV, and as to the federal and state due process claims against Baca and Henley in Count V. It is denied as to the state and federal retaliation claims in Counts I (Vest), II (Vest, Escamilla and Cook), IV (Vest) and V (Vest), and as to the federal and state excessive force claims against Vest, and the state assault and battery claims against Vest, the State of Nevada and NDOC in Count III.

DATED THIS 6th Day of January 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE