UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW L. MEEKS, II,<br><br>     Plaintiff<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et. al.,<br><br>     Defendants | Case No.: 3:18-cv-00431-MMD-WGC<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 56, 57, 58 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Defendants filed a Motion for Judgment on the Pleadings (ECF No. 56) or Motion to Stay Proceedings (ECF No. 57) on the basis that another judge from the District of Nevada has certified questions to the Nevada Supreme Court concerning whether a private cause of action exists for prisoner civil rights claims under the Nevada Constitution. Defendants' motion also argues that the State and NDOC never waived their Eleventh Amendment immunity, and therefore, this court has no jurisdiction over them.

Plaintiff subsequently filed a Motion to Voluntarily Dismiss the State Constitutional Claims. (ECF No. 58.) He also filed a response to the motion for judgment on the pleadings, noting he had agreed to voluntarily dismiss the state constitutional claims. (ECF No. 59.)

After a thorough review, it is recommended that Plaintiff's motion to voluntarily dismiss the state law constitutional claims be granted, and that Defendants' pending motion for judgment on the pleadings and motion to stay be denied as moot insofar as they request judgment on the

pleadings as to the state law constitutional claims and a stay pending resolution of the questions concerning a private right of action under the state constitutional provisions by the Nevada Supreme Court. The motion for judgment on the pleadings should also be denied insofar as it can be interpreted as arguing that the court does not have jurisdiction over the State and NDOC with respect to the state law tort claims of assault and battery.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 8.)

Following Defendants' motion for summary judgment, the following claims remain in this action: (1) a First Amendment retaliation claim against Vest and a corollary claim under Article 1, Section 9 of the Nevada Constitution in Count I; (2) a First Amendment retaliation claim against Vest, Escamilla and Cook, and a corollary claim under Article 1, Section 9 of the Nevada Constitution in Count II; (3) an Eighth Amendment excessive force claim against Vest and a corollary claim under Article 1, Section 6 of the Nevada Constitution, as well as State law tort claims for assault and battery in Count III; (4) a First Amendment retaliation claim against Vest and a corollary claim under Article 1, Section 9 of the Nevada Constitution in Count IV; and (5) a First Amendment retaliation claim against Vest and a corollary claim under Article 1, Section 9 in Count V. (*See* ECF Nos. 7, 43, 46.)

Defendants filed a motion for judgment on the pleadings asserting that there is not a private cause of action under these Nevada constitutional provisions, and alternatively, requested that the court stay proceedings pending resolution of questions certified to the Nevada Supreme Court by another district judge on this issue. (ECF Nos. 56, 57.) Their motion for judgment on

the pleadings also asserts that the State of Nevada and NDOC never waived their Eleventh Amendment rights; therefore, this court does not have jurisdiction over the state law claims.

Plaintiff subsequently filed his motion to voluntarily dismiss the state law constitutional claims. (ECF No. 58.)

## II. DISCUSSION

### A. State Constitutional Claims

Plaintiff has moved to voluntarily dismiss his state constitutional claims. (ECF No. 58.) The court recommends that this motion be granted, and that Defendants' motion for judgment on the pleadings and motion to stay the case (ECF Nos. 56, 57) be denied as moot insofar as the state constitutional claims are concerned.

### B. State Tort Claims

In their motion for judgment on the pleadings, Defendants include an argument that the State of Nevada and NDOC never waived their Eleventh Amendment immunity, and so the court does not have jurisdiction over them.[1] That argument includes a statement that the court does not have supplemental jurisdiction to hear the *state tort claims*. There is no other direct reference to the state tort claims of assault and battery in the motion, but the court interprets the motion as arguing that the court does not have jurisdiction over the State and NDOC with respect to the state tort claims of assault and battery because the State and NDOC are indispensable parties and they have not waived their sovereign immunity.

---

[1] The motion to stay is not applicable to this issue as it only requested a stay pending resolution of the questions certified to the Nevada Supreme Court which concern whether there is a private right of action under certain provisions of the Nevada Constitution. The questions certified to the Nevada Supreme Court do not address Eleventh Amendment sovereign immunity for State tort claims where the State is an indispensable party in a case removed to federal court.

This argument is foreclosed by *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613 (2002).

It was noted in the screening order that the NDOC removed this case to federal court; therefore, the Eleventh Amendment is not a bar to this court's consideration of the state law claims. (ECF No. 7 at 1, n. 1.)

The State of Nevada has generally waived sovereign immunity for state tort claims in state court. Nevada Revised Statute (NRS) 41.031(1). "In any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." NRS 41.031(2). In addition, to bring a tort action arising out of an action or omission with the scope of a person's public duties or employment, a plaintiff must name the State or appropriate political subdivision as a party defendant. NRS 41.0337.

"The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other states, U.S. Const. amend. XI, and by its own citizens as well[.]" *Walden v. Nevada*, 945 F.3d 1088, 1092 (9th Cir. 2019) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). "States can waive their Eleventh Amendment sovereign immunity from suit in state and federal court." *Id*. (citing *Lapides v. Bd. of Regents of Univ. Sys. Of Ga.*, 535 U.S. 613, 618-21 (2002)).

With respect to cases filed in federal court, the State of Nevada has not expressly waived its immunity from suit conferred by the Eleventh Amendment. NRS 41.031(3). As such, in general, the State of Nevada and arms of the state cannot be sued in federal court. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . . The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of

the states."). In *Stanley v. Trustees of California State University,* 433 F.3d 1129 (9th Cir. 2006), the Ninth Circuit held that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims. *Id.* at 1133-34.

When, however, a state has enacted a statute that waives its immunity from suit on state law claims in state court, and then the state voluntarily removes an action asserting state law claims from state court to federal court, "that State waives its Eleventh Amendment immunity from suit." *Walden,* 945 F.3d at 1092 (citing *Lapides,* 535 U.S. at 618-21).

In *Lapides*, the plaintiff brought section 1983 claims as well as state law tort claims against Georgia in state court. *Lapides*, 535 U.S. at 616. Georgia had a statute that waived its sovereign immunity for state law claims filed in state court. *Id.* (Ga. Code Ann. § 50-21-23). Georgia removed the action to federal court, and then moved to dismiss based on Eleventh Amendment immunity. With respect to the state law claims for which Georgia had explicitly waived sovereign immunity in state court, the Supreme Court found it was inconsistent for the state to remove the case to federal court and invoke the federal court's jurisdiction, and then claim immunity under the Eleventh Amendment. *Id.* at 619.

"Therefore, under *Lapides*, a State that statutorily waives its immunity from suit on state-law claims in state court also waives its Eleventh Amendment immunity from suit on the same state-law claims when it voluntarily removes a state-law claim case to federal court." *Walden*, 945 F.3d at 1093.

Here, Nevada, like Georgia, has a statutory waiver of sovereign immunity for state tort claims in state court. NRS 41.031(1). As in *Lapides,* Plaintiff filed this action asserting claims under section 1983 as well as state law constitutional and tort claims in state court. (ECF No. 1-2.) Like in *Lapides,* NDOC voluntarily removed the case to federal court. (ECF No. 1.) The State

and NDOC have not cited any circumstance which would take this case out of the realm of the general rule that voluntary removal constitutes a waiver of sovereign immunity. Therefore, the court finds that Nevada and NDOC waived sovereign immunity with respect to the state law tort claims of assault and battery when Nevada has waived immunity for such claims in state court, and then they removed this action from state court to federal court.

Insofar as Defendants' motion seeks judgment on the pleadings as to the state law tort claims of assault and battery on this basis, the motion should be denied.

If this report and recommendation is adopted, the following claims will remain in this action: (1) a First Amendment retaliation claim against Vest in Count I; (2) a First Amendment retaliation claim against Vest, Escamilla, and Cook in Count II; (3) Eighth Amendment excessive force and state law tort claims of assault and battery against Vest in Count III; (4) a First Amendment retaliation claim against Vest in Count IV; and (5) a First Amendment retaliation claim against Vest in Count V.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

**GRANTING** Plaintiff's motion to voluntarily dismiss his remaining state constitutional claims (ECF No. 58);

**DENYING AS MOOT** the motion to stay this proceeding while the certified questions to the Nevada Supreme Court are pending (ECF No. 57);

**DENYING AS MOOT** the motion for judgment on the pleadings (ECF NO. 56) insofar as it relates to the state constitutional claims; and

**DENYING** the motion for judgment on the pleadings (ECF No. 56) insofar as it can be interpreted as asserting that the court does not have jurisdiction over the State and NDOC with respect to the state tort claims of assault and battery.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 30, 2021

_____
William G. Cobb
United States Magistrate Judge